IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSEPH FOLKS, §
§
    Defendant Below, § No. 414, 2019
    Appellant, §
§ Court Below—Superior Court
    v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 30103873DI (N)
§
    Plaintiff Below, §
    Appellee.

Submitted: December 27, 2019
Decided:   February 21, 2020

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Joseph Folks, filed this appeal from the Superior Court's September 12, 2019 order sentencing him for a violation of probation ("VOP"). The State of Delaware has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of Folks's opening brief that the appeal is without merit. We agree and affirm.

(2)    The record reflects that, in 1993, a Superior Court jury found Folks guilty of two counts of unlawful sexual intercourse with a ten year old. The Superior Court sentenced Folks to thirty-five years of Level V incarceration suspended after

thirty years for decreasing levels of supervision. The sentencing order also required Folks to be evaluated for emotional or psychological problems and to follow any recommendations for treatment made by the probation officer. This Court affirmed the Superior Court's judgment on direct appeal.[1] Folks subsequently filed multiple, unsuccessful motions for postconviction relief.[2]

(3) In April 2019, an administrative warrant was filed for Folks's violation of his conditional release and probation. The reports alleged that Folks's unsatisfactory discharge from sex offender treatment violated his sentencing order and the sex offender conditions of supervision that he signed in February 2019. Folks was discharged, at his own request, from sex offender treatment because he refused to admit he was guilty of unlawful sexual intercourse. After Folks was given another chance to complete a sex offender treatment program (but was again discharged) and several hearings, the Superior Court found that Folks had violated his conditional release and probation. For the first unlawful sexual intercourse conviction, the Superior Court discharged Folks's conditional release. For the second unlawful sexual intercourse conviction, the Superior Court sentenced Folks to five years of Level V incarceration suspended after his successful completion of

---

[1] *Folks v. State*, 1994 WL 330011 (Del. June 28, 1994).
[2] *See, e.g., State v. Folks*, 2013 WL 3357127, at *4 (Del. Super. Ct. June 19, 2013) (denying Folks's fifth petition for postconviction relief under Superior Court Criminal Rule 61); *Folks v. Phelps*, 2013 WL 6092267, at *2 (D. Del. Nov. 18, 2013) (denying Folks's second habeas petition).

the Level V Transitions Program and followed by eighteen months of Level III probation. This appeal followed.

(4) In his opening brief on appeal, Folks does not dispute that he was discharged from sex offender treatment. Instead, he argues that: (i) the Superior Court never had subject matter jurisdiction over him because his 1991 arrest was illegal; (ii) his 1993 convictions were illegal; (iii) his due process rights and international human rights were violated; and (iv) the sex offender conditions that he signed were not binding because he signed with his legal name followed by the notation "without prejudice." These claims are without merit.

(5) Folks cannot collaterally attack his 1991 arrest and 1993 convictions in an appeal from his 2019 VOP.[3] As to his conclusory due process/international human rights claims, Folks fails to explain how those rights were violated. Finally, Folks's "without prejudice" notation did not release him from the treatment condition in his sentencing order. The Superior Court did not err in finding that Folks's discharge from sex offender treatment violated his conditional release and probation.

---

[3] *See, e.g., Weaver v. State*, 779A.2d 254, 259 n.17 (Del. 2001) ("The right to appeal from a sentence for a VOP is limited. The defendant may challenge the VOP proceedings and sentence, but there is no right to challenge the underlying conviction and proceedings leading to that conviction.").

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice